*1144 The opinion of the court was delivered by
Breaux, J.
Plaintiff, a subcontractor for carrying the mails of the United States, sues the defendant, the original contractor for the annulment of the contract and for judgment sounding in damages.
The defendant’s contract, dated from January, 1890; and was entered into with the government for the term of four years to transfer in wagons the mails in New Orleans, between the post office and the railroad depots.
Subsequently, under the authority of an Act of Congress of May 17, 1878, the defendant entered into a subcontract with the plaintiff to perform the duties of the former under the contract, and under the subcontract the plaintiff entered upon the discharge of his duties in July, 1890.
In June, 1891, he wrote to the Post Office Department that it was impossible for him to continue the services required of him.
The following is a copy of his letter:
June 30, 1891.

u Hon. S. Eaton, New Orleans, La.:

“ Dear Sir — The company which has been hauling the mail under my subcontract has gone into liquidation, and the losses I have sustained in trying to continue the hauling for the past six weeks, rendering it impossible for me to continue any longer, I am compelled to discontinue from this day.”
The department, whenever a contractor for postal service fails to continue in the performance of the service, may employ temporary service on the route; the.cost of which is charged to the contractor until the contractor resumes the proper performance of service, or until the route can be relet.
The plaintiff under his contract was subject to all the requirements of the original contractor.
In consequence of the discontinuance of the subcontractor under his subcontract, the Post Office Department made a temporary contract with James Rainey, who took charge of the transfer of the mail, on the morning following the day that plaintiff discontinued carrying the mail.
In July the defendant notified the department that he had been informed of plaintiff’s abandonment of his subcontract and that he would immediately resume service for his own account.
Later, the Postmaster General.permitted the defendant to resume *1145 service under the original contract, i. e., the contract between the defendant and the government.
On September 1, 1891, the plaintiff acknowledged having received notice from the department of a fine imposed, and that money due him would be withheld.
He states in his communication to the officers of the Post Office Department that he resumes service under his contract, as he believes that he can thereby work out of the difficulties occasioned by his abandonment.
With the consent of Rainey (the temporary employee), he took charge of the wagons the former was using, and resumed, on that day, the hauling of the mail.
On the 14th of September, 1891, the postmaster here was informed of the action of the Post Office Department authorizing the defendant to resume service, and on that day began carrying the mail.
The plaintiff complains that on the day following he was dispossessed by the defendant and prevented by him from continuing the service under the subcontract.
From a judgment rejecting his demand, plaintiff appeals.
All the mail contractors and subcontractors are employees of the government.
There is no subcontractor without the consent of the proper officer of the Post Office Department.
He is under the orders of that department, and paid by the government for his service. He is subject to fines for the non-perform-• anee of duty, and for the causes assigned in the statute his service may be discontinued.
These contracts to carry the mails are public contracts, and contain the terms that the statute prescribes as binding contractors and subcontractors.
The plaintiff abandoned his contract and had been replaced by competent authority, for cause deemed sufficient by the Post Office Department.
He was not dispossessed by the defendant. The dispossession was an act of the authorized officer of the government, who under the statute made arrangement for the transfer of the mail.
Oontraetors and subcontractors are the agents upon whom the government relies for carrying the mails. They are, in many respects, public agents. Conwell vs. Voorhees, 13 Ohio, 523.
*1146 Here the plaintiff was nob truly a subcontractor or subagent in the sense that he was to serve the contractor exclusively, or carry out the mandate imposed upon him by the subcontract for account of this contractor only. But he was virtually under contract with the government, and one of its agents in the mail department, sub - jeet to its management and control.
Regard ng the agency, Addison, in his works on Contracts, Vol. 1, p. 469, treats as settled that the subagent is responsible to the principal for whom he directly acts.
In the matter of performance of a contract, the principal, where the subcontractor assumes all the duties of the contractor with express consent and under the terms of the law, as in this case, applies.
The contractor was a mere intermediary, to whom the plaintiff did not give any notice of his abandonment of the contract. Under the terms of his contract the plaintiff sent his notice of abandonment properly to the chief of the Post Office Department, who at once acted upon plaintiff’s default.
The aggregatio mentium between the parties concerned was complete without the original contractor’s consent. His objection or consent, under the terms of the contract, wo.uld have been useless, as there was no place for the one or the other.
The Post Office Department consented to the reinstatement of the original contractor. "We do not think it possible to conclude, from ■ the facts of record, that the department consented to the renewal of the subcontract, and without that consent it was not left for the plaintiff to resume service under the contract abandoned by him. The contract was a public contract to which the Federal law was applicable. The plaintiff seeks to limit the contract to himself and the defendant.
This is not possible under the terms of the subcontract, and in view of the duty the plaintiff undertook to perform.
The carrying of the mails is an attribute of sovereignity surrendered by the States to the general government, and subject to its law and regulations adopted to secure “celerity, certainty and security.”
There is no lack of legitimate power in the general government to assume, as it has control of all the contracts and sub-contracts for carrying the mails. It has the power, after abandonment by the *1147 subcontractor, to reinstate the original contractor, without permitting the subcontractor to resume service under the subcontract.
It is ordered, adjudged and decreed that the judgment appealed from is affirmed at appellant’s costs.